UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80158-CR-HURLEY/HOPKINS(s)
18 U.S.C. § 922(g)(1)
18 U.S.C. § 1029(a)(3)
18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 641
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 1001(a)(2)

UNITED STATES OF AMERICA

vs.

LATONIA VERDELL,
and
KELLI WITHERSPOON MCINTOSH,
Defendants.
_____/



FILED by _____ D.C.
MAY 14 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1

1. On or about June 12, 2013, in Palm Beach County, in the Southern District of Florida, the defendant,

**LATONIA VERDELL,**

having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition in and affecting interstate and foreign commerce, to wit: one Cobra Enterprises 38 Special handgun, and two Federal brand 38 Special cartridges; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT 2
## Unlawful Possession of Access Devices
## (18 U.S.C. § 1029(a)(3))

2. On or about June 12, 2013, in Palm Beach County, in the Southern District of Florida, the defendant,

**LATONIA VERDELL,**

did knowingly and with intent to defraud, possess fifteen or more unauthorized access devices, that is, unauthorized Social Security account numbers and account numbers of credit cards, debit cards, check cards and gift cards, issued to other persons, said possession affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

## COUNT 3
## Conspiracy to Commit Wire Fraud
## (18 U.S.C. § 1349)

3. Beginning on or about January 1, 2010, and continuing through on or about June 12, 2013, the exact dates being unknown to the Grand Jury, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**LATONIA VERDELL,**
**and**
**KELLI WITHERSPOON MCINTOSH,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with others known and unknown to the Grand Jury to commit an offense against the United States, that is, to devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing such scheme, to transmit and cause to be transmitted by means of wire communication in interstate and foreign

commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Sections 1343 and 2.

## Objects of the Conspiracy

4. It was an object of the conspiracy that the defendants and their co-conspirators would and did unjustly enrich themselves and attempt to enrich themselves by stealing the identities and means of identification of real persons, that is, names, dates of birth, and Social Security account numbers, and then using such information to file fraudulent federal income tax returns by wire, that is, online over the Internet.

5. It was further the object of the conspiracy that the defendants and their co-conspirators would and did enrich themselves by receiving, concealing and retaining with the intent to convert to their own use and gain, monies stolen from the United States, that is, fraudulently obtained federal income tax refunds, knowing the same to have been stolen, purloined and converted.

## The Manner and Means of the Conspiracy

The manner and means by which the defendants and their co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among other things, the following:

6. The defendants and their co-conspirators fraudulently obtained and exchanged among themselves various means of identification, that is, names, dates of birth, and Social Security account numbers, of real persons, without the knowledge or consent of such persons. During the course of the conspiracy, co-conspirators obtained and used personal identification information belonging to at least 790 persons.

7. Using the stolen means of identification information, the defendants and co-conspirators electronically filed and caused to be filed false and fraudulent federal income tax

3

returns, and related documents, to the Internal Revenue Service of the United States Department of the Treasury (IRS).

8. The defendants and their co-conspirators directed the IRS to send the fraudulent tax refunds to designated, pre-purchased debit card accounts which they had opened using the fraudulently obtained Social Security account numbers, names and dates of birth, and to designated bank accounts opened by co-conspirators.

9. Based upon the false and fraudulent federal income tax returns submitted, the IRS issued income tax refunds, unbeknownst to the individuals whose names, dates of birth and Social Security account numbers were fraudulently used, and sent the refunds electronically to the pre-purchased debit cards or to the bank accounts controlled by the defendants or co-conspirators.

10. The defendants and co-conspirators would divert fraudulent tax refunds to their personal use and benefit, and the use of others.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 4-6
### Wire Fraud
### (18 U.S.C. §§ 1343 and 2)

11. Beginning on or about January 1, 2010, and continuing through on or about June 12, 2013, the exact dates being unknown to the Grand Jury, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**LATONIA VERDELL,
And
KELLI WITHERSPOON MCINTOSH,**

did knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property, that is, fraudulent income tax refunds, by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose

of executing such scheme and artifice to defraud and for obtaining money and property, did knowingly transmit and cause to be transmitted, in interstate and foreign commerce, by means of wire communications any writings, signs, pictures and sounds.

### Purpose and Manner and Means of the Scheme and Artifice

12. Paragraphs 4 through 10 of Count 3 are incorporated by reference as though fully stated herein, as the purpose and manner and means of the alleged scheme and artifice.

### Use of Interstate Wire Communications

13. On or about the dates listed below, in Palm Beach County, in the Southern District of Florida, and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud, the defendants,

**LATONIA VERDELL,**
**And**
**KELLI WITHERSPOON MCINTOSH,**

did knowingly transmit and cause to be transmitted, in interstate and foreign commerce, by means of wire communications, certain writings, signs, signals, pictures and sounds, as more particularly described for each count below:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 4 | April 6, 2011 | Online filing of fraudulent income tax returns in name of "T.O.," to the Internal Revenue Service |
| 5 | August 31, 2011 | Online filing of fraudulent income tax returns in name of "M.A.," to the Internal Revenue Service |
| 6 | October 11, 2011 | Online filing of fraudulent income tax returns in name of "M.J.," to the Internal Revenue Service |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 7-9
## Theft of Public Money
## (18 U.S.C. §§ 641 and 2)

14. On or about the dates specified as to each count below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**LATONIA VERDELL,**
**and**
**KELLI WITHERSPOON MCINTOSH,**

did knowingly and willfully receive, conceal and retain with the intent to convert to their own use and gain, money and a thing of value of the United States and of a department and an agency thereof, that is, tax refunds as set forth below, issued by the IRS, the aggregate value of all such counts exceeding $1,000.00, knowing that said refunds had been embezzled, stolen, purloined and converted from the United States, as specified in each count below:

| COUNT | APPROXIMATE DATE | ISSUED TO | AMOUNT PAID |
|---|---|---|---|
| 7 | April 14, 2011 | "T.O." | $2,016 |
| 8 | September 9, 2011 | "M.A." | $1,998 |
| 9 | October 21, 2011 | "M.J." | $9,722 |

In violation of Title 18, United States Code, Sections 641 and 2.

## COUNTS 10-12
## Aggravated Identity Theft
## (18 U.S.C. §§ 1028A(a)(1) and 2)

15. On or about the dates specified as to each count below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**LATONIA VERDELL,
and
KELLI WITHERSPOON MCINTOSH,**

during and in relation to a felony violation of Title 18, United States Code, Section 1343, as indicated below, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person as set forth in each count below:

| COUNT | APPROXIMATE DATE | MEANS OF IDENTIFICATION | PREDICATE COUNT |
|---|---|---|---|
| 10 | April 6, 2011 | Name, Social Security Account Number | Count 4 |
| 11 | August 31, 2011 | Name, Social Security Account Number | Count 5 |
| 12 | October 11, 2011 | Name, Social Security Account Number | Count 6 |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

### COUNTS 13-15
### Theft of Public Money
### (18 U.S.C. § 641)

16. The United States Department of Housing and Urban Development (HUD), provides federally funded financial assistance to low income persons and families to pay for housing and related utility costs, through the Housing Assistance Program and the Utility Assistance Program.

17. On or about the dates alleged in each count below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**LATONIA VERDELL,**

did knowingly embezzle, steal, purloin and convert to her own use and the use of another a voucher, money and a thing of value of the United States, and a department and agency thereof, that is, Housing Assistance Program (HAP) Benefits, with an aggregate value of more than $1,000.00, to which she was not entitled:

| COUNT | APPROXIMATE DATES | DESCRIPTION OF BENEFITS | PAYMENT AMOUNT |
|---|---|---|---|
| 13 | September 1, 2010 | Housing Assistance Program Benefits | $ 1,251 |
| 14 | October 1, 2010 | Housing Assistance Program Benefits | $ 1,251 |
| 15 | November 1, 2010 | Housing Assistance Program Benefits | $ 1,008 |

In violation of Title 18, United States Code, Section 641.

## COUNT 16
### False Statement
### (18 U.S.C. § 1001(a)(2))

18.   The United States Department of Agriculture (USDA), a department of the United States of America, through the Food Nutrition Service, provides Supplemental Nutrition Assistance Program (SNAP) benefits, formerly known as "food stamps," to qualified households of limited income and resources in need of assistance with the purchase of food. Qualified recipients are provided with an electronic benefits card which they can use to purchase eligible food items.

19.   On or about September 24, 2013, in Palm Beach County, in the Southern District of Florida, in a matter within the jurisdiction of the United States Department of Agriculture, an agency of the executive branch of the Government of the United States, the defendant,

**LATONIA VERDELL,**

did knowingly and willfully make a false, fictitious and fraudulent statement and representation as to a material fact, in that the defendant stated in her application and registration to receive SNAP payments, that

   a. She had only $715 in qualifying gross monthly income; and

   b. She had no other sources of income;

when in fact, and as the defendant then and there knew, she had received and was receiving

significantly greater deposits to her bank accounts as income tax refund deposits.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## CRIMINAL FORFEITURE

20. Upon conviction of any of the violations alleged in Counts 3, 4-6, and 13-15, defendants **LATONIA VERDELL, and KELLI WITHERSPOON MCINTOSH,** shall forfeit to the United States all property, real and personal, which constitutes or is derived from proceeds traceable to a violation of the afore-stated offenses.

Pursuant to Title 28, United States Code, Section 2461, Title 18, United States Code, Section 981(a)(1)(C), and Title 21, United States Code, Section 853.

21. If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with a third person;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendants up to the value of the above forfeitable property.

All pursuant to Title 28, United States Code, Section 2461, Title 18, United States Code, Section 981(a)(1)(C) and Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
THEODORE M. COOPERSTEIN
ASSISTANT UNITED STATES ATTORNEY


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. 14-CR-80158HURLEY/HOPKINS(s)

v.

**CERTIFICATE OF TRIAL ATTORNEY***

LATONIA VERDELL,
AND
KELLI WITHERSPOON MCINTOSH,

_____ Defendants. /

**Indictment Case Information:**

**Court Division**: (Select One)

___ Miami          ___ Key West
___ FTL            ___ WPB       _X_ FTP

New Defendant(s)              Yes _X_   No ___
Number of New Defendants       1
Total number of counts         16

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28, U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   NO
   List language and/or dialect _____

4. This case will take   3   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                              (Check only one)

   I    0 to 5 days         X              Petty         ___
   II   6 to 10 days        ___            Minor         ___
   III  11 to 20 days       ___            Misdem.       ___
   IV   21 to 60 days       ___            Felony        _X_
   V    61 days and over    ___

6. Has this case been previously filed in this District Court? (Yes or No)   YES

   If yes:
   Judge:  Sr. Judge Daniel T. K. Hurley       Case No.  14-CR-80158-HURLEY/HOPKINS
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  NO
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)   NO

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?      Yes ___   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?      Yes ___   X   No ___

/s/ Theodore M. Cooperstein

THEODORE M. COOPERSTEIN
ASSISTANT UNITED STATES ATTORNEY

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET
### CASE NO. 14-80158-CR-HURLEY/HOPKINS (s)

Defendant's Name:   LATONIA VERDELL

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Possession of a firearm by a convicted felon | 18:922(g)(1)<br>18:924(a)(2) | 10 years Maximum<br>$250,000 fine<br>SR: Three years<br>SA: $100 |
| 2 | Possession of fifteen or more counterfeit and unauthorized access devices | 18:1029(a)(3) | 10 years Maximum<br>$250,000 fine<br>SR: Three years<br>SA: $100 |
| 3 | Conspiracy to commit Mail Fraud and Wire Fraud | 18:1349<br>18:1341<br>18:1343 | 20 years Maximum<br>$250,000 fine<br>SR: Five years<br>SA: $100 |
| 4-6 | Wire Fraud | 18:1343<br>18:2 | 20 years Maximum<br>$250,000 fine<br>SR: Five years<br>SA: $100 |
| 7-9, 13-15 | Theft of public money | 18:641<br>18:2 | 10 years Maximum<br>$250,000 fine<br>SR: Three years<br>SA: $100 |
| 10-12 | Aggravated Identity Theft | 18:1028A(a)(1)<br>18:2 | Mandatory 2 years, consecutive<br>$250,000 fine<br>SR: One year<br>SA: $100 |
| 16 | False statement | 18:1001(a)(2) | 5 years maximum<br>$250,000 fine<br>SR: one year<br>SA: $100 |

1

|  | Forfeiture | 28:2461<br>18:981(a)(1)(C)<br>21:853 |  |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

### CASE NO. 14-80158-CR-HURLEY/HOPKINS (s)

Defendant's Name:  KELLI WITHERSPOON MCINTOSH

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 3 | Conspiracy to commit Mail Fraud and Wire Fraud | 18:1349<br>18:1341<br>18:1343 | 20 years Maximum<br>$250,000 fine<br>SR: Five years<br>SA: $100 |
| 4-6 | Wire Fraud | 18:1343<br>18:2 | 20 years Maximum<br>$250,000 fine<br>SR: Five years<br>SA: $100 |
| 7-9 | Theft of public money | 18:641<br>18:2 | 10 years Maximum<br>$250,000 fine<br>SR: Three years<br>SA: $100 |
| 10-12 | Aggravated Identity Theft | 18:1028A(a)(1)<br>18:2 | Mandatory 2 years, consecutive<br>$250,000 fine<br>SR: One year<br>SA: $100 |
|  | Forfeiture | 28:2461<br>18:981(a)(1)(C)<br>21:853 |  |

1