UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CR-80158-HURLEY/HOPKINS(s)

UNITED STATES OF AMERICA,

v.

KELLI WITHERSPOON MCINTOSH,
    Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("the United States") and KELLI WITHERSPOON MCINTOSH (hereinafter referred to as the "defendant") enter into the following agreement:

1.     The defendant agrees to plead guilty to Counts Three and Ten of the Superseding Indictment, which counts charge the defendant, respectively, as follows:

- Count Three: conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349;
- Count Ten: Aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).

2.     The United States agrees to seek dismissal of Counts Four through Twelve of the Superseding Indictment, as to this defendant, after sentencing.

3.     The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been

entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that for each of the Counts of conviction, the Court may respectively impose a statutory maximum term of imprisonment and supervised release as follows:

- Count Three: Twenty years prison and five years of supervised release;
- Count Ten: Mandatory minimum two years prison, consecutive to any other sentence, and one year of supervised release.

In addition to a term of imprisonment and supervised release, the Court may impose for each Count a fine of up to $250,000, and, for offenses against property involving fraud or deceit, must order restitution. Defendant hereby agrees to pay restitution for all relevant conduct.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $200 will be imposed on the defendant. The defendant agrees that any special assessment

imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the United States and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits

any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The defendant agrees that she shall cooperate fully with the United States by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by the United States, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by the United States; and (c) if requested by the United States, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that she will not protect any person or entity through false information or omission, that she will not falsely implicate any person or entity, and that she will not commit any further crimes.

9. The United States reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If, in the sole and unreviewable judgment of the United States, the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, the United States may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and

recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires the United States to file any such motions, and that the United States's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of the United States's filing or non-filing of a motion to reduce sentence.

10. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by the government. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

11. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court, and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

12. The defendant is aware that Title 18, United States Code, Section 3742, and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United

States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution or forfeiture order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b), and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of the defendant's right to appeal the sentence to be imposed in this case was knowing and voluntary.

13. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Date: 10/15/15

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: *[signature]*
THEODORE M. COOPERSTEIN
ASSISTANT UNITED STATES ATTORNEY

Date: 10/15/15

*[signature]*
VALENTIN RODRIGUEZ
ATTORNEY FOR DEFENDANT

Date: 10/15/15

*[signature]*
KELLI WITHERSPOON MCINTOSH
DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CR-80158-HURLEY/HOPKINS(s)

UNITED STATES OF AMERICA,

v.

KELLI WITHERSPOON MCINTOSH,
        Defendant.
_____/

## STIPULATION AS TO FACTUAL BASIS FOR GUILTY PLEA

The United States of America and KELLI WITHERSPOON MCINTOSH (hereinafter referred to as the "Defendant") stipulate as to the following facts, as the basis for her plea of guilty in this case, and which, if this case went to trial, the Government would prove (along with other facts) beyond a reasonable doubt:

1.    From on or about January 1, 2010, through and continuing to no later than June 12, 2013, Defendant agreed and joined with Latonia Verdell to obtain stolen personal identification information of other persons; to use that information to file online federal income tax returns to the IRS over the Internet; and to direct the fraudulent refund payments from those online tax return filings to the benefit of Defendant and Verdell. Defendant and Verdell submitted the returns by wire in interstate commerce over the Internet, and they directed that the payments be made by wire transfer across state lines, to bank accounts and debit cards which the two conspirators controlled.

2.    During the course and execution of the scheme to defraud the IRS by online filing of fraudulent returns and wire transfer payments of fraudulent refunds, Defendant and her co-conspirator Verdell made use of personal identification information which Defendant knew belonged to actual persons, without lawful authorization. In so doing, on or about April 6, 2011,

Defendant and her co-conspirator Verdell submitted over the Internet to the IRS a fraudulent income tax return, using the means of identification, that is, the name, social security number, and date of birth, of "T.O."

3. Defendant agrees that, had this case proceeded to trial, the Government would be required to prove the following elements of the charged crimes:

As to Count Three:

First: That two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit wire fraud, as charged in the indictment; and

Second: That the Defendant knew the unlawful purpose of the plan and willfully joined in it.

As to Count Ten:

First: That the Defendant, intentionally joining with Verdell, knowingly transferred, possessed, or used a means of identification of another person without lawful authority as described in the Indictment; and

Second: That the Defendant did so, during and in relation to, committing conspiracy to commit wire fraud, as charged, in violation of Title 18, United States Code, Sections 1343 and 1349.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 10/15/15     By: _____
                    THEODORE M. COOPERSTEIN
                    ASSISTANT UNITED STATES ATTORNEY

Date: 10/15/15     _____
                    VALENTIN RODRIGUEZ
                    ATTORNEY FOR DEFENDANT

Date: 10/15/15     _____
                    KELLI WITHERSPOON MCINTOSH
                    DEFENDANT

2